```
Jason L. Aldrich, Attorney at Law
California SBN 213379
P.O. Box 211027
Chula Vista, CA 91921-1027
Telephone:    (619) 361-7114
Facsimile:    (888) 506-9130
Email: jaldrich@bpunion.org
```

Attorney for Defendant Francisco Scharff

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| People of the State of California,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Francisco Scharff,<br><br>　　　　　　Defendant. | CASE NO. **'18CV2700 LAB LL**<br><br>**NOTICE OF REMOVAL OF A CRIMINAL ACTION PURSUANT TO 28 U.S.C. Sec. 1442(a)(1) – Federal Officer**<br><br>**(Underlying criminal action:** *State of California v. Francisco Scharff*, Case No. 18T251015E) |

TO: THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA:

Please take notice that Francisco Scharff ("Defendant") hereby respectfully notice the removal to this Court the state court criminal action against him captioned *State of California v. Francisco Scharff*, filed in the San Diego Superior Court, East County Division.

1. Defendant is the defendant in the criminal action commenced and now pending in San Diego Superior Court, East County Division, entitled *State v. Francisco Scharff*, Case No. 18T251015E. This matter arose from a traffic citation issued by the California Highway Patrol to the Defendant on September 10, 2018, for allegations of criminal infractions of the California

Vehicle Code: CVC 22356(b), and 12951(a). A copy (the best available) of the citation, a correction to the citation issued by the CHP Officer, and, the reminder notice issued by the Superior Court is attached as Exhibit A and incorporated by this reference.

2. Defendant received a copy of the citation on its date of issuance, September 10, 2018, setting his arraignment for November 21, 2018. The allegations against the Defendant are each an infraction as defined by California Penal Code section 15(3) as each allegation is punishable by a fine. California Vehicle Code section 22356(b) charges Defendant with operating a motor vehicle upon that highway at a speed greater than 70 miles per hour, as posted. California Vehicle Code section 12951(a) charges the Defendant with not possessing his valid California Driver's License on his person at the time he was driving a motor vehicle upon a highway. Each of these offenses are identified in the "Superior Court of California, County of San Diego, Bail Schedule," effective January 1, 2018, at pages 45 and 39, respectively, as punishable by a fine. *See*, www.sdcourt.ca.gov, 'criminal' tab.'

3. At the time of the alleged offense, Defendant was working as an officer (agent) of the United States Border Patrol, was functioning as an officer of the United States, and, was acting under the color of authority provided by his office.

4. Defendant was arraigned via electronic transmissions permitted pursuant to Rule 3.1.2 of the Rules of the San Diego Superior Court. The arraignment was filed on November 1, 2018, by use of the required Court form which enters a plea of "Not Guilty" by the Defendant. The arraignment was not processed, however, until November 16, 2018, at which time the Court acknowledged that the Defendant had entered a plea of "Not Guilty" and set a Court Trial date for January 16, 2019. A copy of the processed arraignment form is attached as Exhibit B and incorporated by this reference.

5. Defendant will assert in the state court action on the date and at the time of his trial, if it must be conducted, and hereby asserts to this Court, that his actions were necessary and proper to perform his duties and that he had no motive other than to do his duties. As a result of this assertion, Defendant is asserting the federal defense of absolute immunity as provided by the Supremacy Clause of the United States Constitution. See U.S. Const. art. VI, cl.2; *In re Neagle*,

135 U.S. 1, 10 S.Ct. 658 (1890).  If Defendant were able to prove that he reasonably believed his actions were necessary and proper in the performance of his duties, he would be completely immune from all criminal liability.  *Id.* at 75, 10 S.Ct. 658; *see also Whitehead v. Senkowski*, 943 F.2d 230, 233-34 (2d Cir. 1991) [recognizing that under proper circumstances the Supremacy Clause provides immunity to a federal official from state criminal laws]; *Clifton v. Cox*, 549 F.2d 722, 730 (9th Cir. 1977) [same].

6. Defendant's assertion of Supremacy Clause immunity provides the basis for an absolute right of removal pursuant to 28 U.S.C. § 1442(a)(1) because he is asserting a colorable federal defense.  *Willingham v. Morgan*, 395 U.S. 402, 406, 89 S.Ct. 1813 (1969); *Arizona v. Maypenny*, 451 U.S. 232, 242, 101 S.Ct. 1657 (1981).  At this point in the proceedings, a federal officer need not prove or prevail on his defense to be entitled to removal; <u>rather he need only raise the defense</u>. *Willingham*, 395 U.S. at 407, 89 S.Ct. 1813.

7. Defendant asserts as required by 28 U.S.C. sec. 1455(b)(2) the following representations of fact to which Defendant and witnesses identified below can testify to if called upon:

    At the time Defendant was issued the citation on September 10, 2018:

a. Defendant was on duty as a U.S. Border Patrol Agent assigned to plain clothes, and, unmarked vehicle operations, each in furtherance of intelligence gathering and targeted enforcement for the Campo Border Patrol Station's Area of Responsibility.

b. Defendant was the driver of a gold Chevrolet Tahoe which is the property of the federal government, Department of Homeland Security, U.S. Customs and Border Protection, U.S. Border Patrol.  *See,* Exhibit A, page 2 (Notice of Correction noting vehicle had a registered owner of "US Government Vehicle, no address).  This vehicle is not marked with any government markings and cannot be readily identified as a law enforcement vehicle.

c. While in operation of this vehicle, Defendant was performing his official duties with three other agents present in his vehicle.  These agents whom were present in his vehicle were Supervisory Agent Benjamin Blanchard, Agent Christopher Ramos, and, Agent Waldo Munguia.

3

    d. Defendant was driving eastbound on Interstate 8 en route to the Campo Border Patrol Station to allow his passengers to retrieve other government vehicles so that they may intercept a vehicle heading their direction from Imperial County.  This information was received by passenger Agent Christopher Ramos from a Border Patrol Agent in the El Centro Border Patrol Sector.  Agent Ramos related this information to Supervisory Agent Blanchard and Defendant.

    e. The vehicle to be intercepted was suspected of federal felony conduct, as relayed by Agent Ramos from the El Centro Agent.

    f. While driving eastbound on Interstate 8 and approaching Kitchen Creek Road, Defendant saw a marked California Highway Patrol vehicle cross the dirt median of Interstate 8 west of Kitchen Creek Road.  This area is within Defendant's assigned area of responsibility as a Border Patrol Agent of the Campo Station.  As Defendant was exiting Kitchen Creek Road, he saw in his rear view mirror the Highway Patrol vehicle with its red/blue emergency lights activated.  Kitchen Creek Road is the most expeditious exit to use to drive to the Campo Border Patrol Station when travelling eastbound on Interstate 8.

    g. Upon seeing the emergency lights of the Highway Patrol vehicle, Defendant asked his Supervisor, Agent Blanchard, if he should activate his own vehicle's emergency lights, or, yield to the shoulder.  Supervisory Agent Blanchard instructed Defendant to yield, and Defendant yielded as instructed.

    h. As a result of the traffic stop by the CHP Officer, Defendant was issued the citation attached at Exhibit A, page 1.

    i. Despite the delay created by the detention and citation issuance, Defendant and his team members successfully intercepted the vehicle described by the El Centro Agent and made felony arrests of the occupants of that vehicle.

8. The above facts are pled to prove entitlement to the federal removal statute, and are not an admission of guilt.  *Willingham*, 395 U.S. at 408; 89 S.Ct. at 1817.

9. Based upon the foregoing, Defendant hereby pleads for the Court to not order summary

remand under 28 U.S.C. Section 1455(b)(4), but rather, to order the evidentiary hearing required for adjudication of his defense pursuant to 28 U.S.C. Sec. 1455(b)(5).

10. This Notice of Removal is timely pursuant to 28 U.S.C. sec. 1455(b)(1) in that this pleading is filed within 30 days of the date the Defendant was arraigned in the Superior Court: November 16, 2018. See Exhibit B.

11. Upon filing of this Petition with this Court, Defendant will promptly file with the Clerk of the San Diego Superior Court, East County Division, a pleading providing notice to the Court of this Petition, accompanied with a copy of this Petition (including its supporting pleadings and all of attached Exhibits). On that same date, a copy will also be served upon the San Diego County District Attorney's Office, East County Division. Proof of this Filing and Service will be timely filed with this Court.

Respectfully submitted,

_November 29, 2018_
Dated

Jason L. Aldrich
Attorney for Defendant