XAVIER BECERRA
Attorney General of California
CELINE M. COOPER
Supervising Deputy Attorney General
JODI L. CLEESATTLE
Deputy Attorney General
State Bar No. 230537
  600 West Broadway, Suite 1800
  San Diego, CA 92101
  P.O. Box 85266
  San Diego, CA 92186-5266
  Telephone: (619) 738-9509
  Fax: (619) 645-2581
  E-mail: Jodi.Cleesattle@doj.ca.gov
*Attorneys for the People of the State of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **PEOPLE OF THE STATE OF CALIFORNIA,**<br><br>                     Plaintiff,<br><br>v.<br><br>**FRANCISCO SCHARFF,**<br><br>                     Defendant. | 3:18-CV-2700 LAB LL<br><br>**NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date:       February 19, 2019<br>Time:      11:15 a.m.<br>Courtroom: 14A<br>Judge:     Hon. Larry A. Burns |

**TO DEFENDANT FRANCISCO SCHARFF AND HIS ATTORNEY OF RECORD:**

PLEASE TAKE NOTICE THAT on February 19, 2019, at 11:15 a.m., or as soon thereafter as this matter may be heard, in the U.S. District Court for the Southern District of California, located at 333 West Broadway, San Diego, California, Plaintiff People of the State of California (California) will move the

court for an order, pursuant to 28 U.S.C. § 1447(c), remanding this action to the Superior Court in and for the County of San Diego.

California moves for remand on the grounds that removal pursuant to 28 U.S.C. § 1442(a) was improper because Defendant Francisco Scharff, a law enforcement officer named as the defendant in a criminal prosecution, was not acting under the color of his office within the meaning of 28 U.S.C. § 1442(c).

California's motion for remand is based on this notice of motion and motion, the memorandum of law filed in support of this motion, and such other and further evidence and argument, both written and oral, as may be presented to the Court before the motion is submitted for decision.

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

The People of the State of California move to remand this case to state court pursuant to 28 U.S.C. § 1447 because the case – a criminal proceeding against a law enforcement officer – was improperly removed to federal court.

Defendant Francisco Scharff, a U.S. Border Patrol agent, removed this case, pursuant to 28 U.S.C. § 1442(a), on the grounds that he is a federal officer who was acting under the color of his office at the time he was stopped for speeding. Removal was improper, however, because 28 U.S.C. § 1442(c) expressly limits the circumstances under which a law enforcement officer may remove a criminal prosecution in which he is named as a defendant. Because Scharff was not engaged in any of the specific activities defined as acting under the color of his office as a law enforcement officer, this case must be remanded.

### FACTUAL AND PROCEDURAL BACKGROUND

Scharff was stopped for speeding – clocked by radar at 95 miles per hour – on Interstate 8 eastbound on September 10, 2018 at about 6:15 p.m. See Exhibit A. The arresting officer, California Highway Patrol ("CHP") Officer Ben Montgomery, asked Scharff for his driver's license, but Scharff did not have it in

2

his possession. *Id.* Instead, Scharff showed Officer Montgomery his U.S. Border Patrol credentials. *Id.* Scharff stated that he was "on duty," but did not claim that he was responding to any emergency situation or make mention of any imminent crime. *Id.* Officer Montgomery cited Scharff for speeding in violation of Vehicle Code § 22356(b) and failure to have his driver's license in his possession in violation of Vehicle Code § 12951(a). *Id.*

Scharff was arraigned via electronic transmission pursuant to Rule 3.1.2 of the Rules of the San Diego Superior Court and plead "not guilty." Notice of Removal ¶ 4. Trial was set for January 16, 2019. *Id.*

Scharff filed a Notice of Removal of a Criminal Action Pursuant to 28 U.S.C. Sec. 1442(a)(1) – Federal Officer on November 29, 2018.

## ARGUMENT

### I. THE DEFENDANT HAS THE BURDEN OF DEMONSTRATING THAT REMOVAL IS PROPER

Scharff has the burden of establishing that California's action is "founded on a claim or right arising under the Constitution, treaties or laws of the United States." 28 U.S.C. § 1441(b); *Etheridge v. Harbor House Restaurant*, 861 F.3d 1389, 1393 (9th Cir. 1988). This is a heavy burden because the removal statute is strictly construed, and any doubt is to be resolved in favor of remand. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996).

> Because of the "Congressional purpose to restrict the jurisdiction of the federal courts on removal," *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941), the statute is strictly construed, *id.* at 108-09, and federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted). [The defendant] … has the burden of establishing that removal was proper. *Harris v. Provident Life and Accident Ins. Co.*, 26 F.3d 930, 932 (9th Cir. 1994) (quotations and citations omitted).

*Duncan*, 76 F.3d at 1485.

## II. REMOVAL OF A CRIMINAL PROSECUTION OF A FEDERAL LAW ENFORCEMENT OFFICER IS PERMITTED ONLY IN LIMITED CIRCUMSTANCES

Removal under 28 U.S.C. § 1442(a)(1) is permitted where the civil action or criminal prosecution is directed at a federal officer "for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of revenue." 28 U.S.C. § 1442(a)(1).

However, where removal is of a criminal prosecution against a law enforcement officer, the officer is deemed to be acting under the color of his office only where he:

(1) protected an individual in the presence of the officer from a crime of violence;

(2) provided immediate assistance to an individual who suffered, or who was threatened with, bodily harm; or

(3) prevented the escape of any individual who the officer reasonably believed to have committed, or was about to commit, in the presence of the officer, a crime of violence that resulted in, or was likely to result in, death or serious bodily injury.

28 U.S.C. § 1442(c).

The statute provides that "law enforcement officer" means any employee described in 5 U.S.C. § 8401(17)(A), (B) or (C) and any special agent in the Diplomatic Security Service of the Department of State. 28 U.S.C. § 1442(d)(3). The relevant section of 5 U.S.C. § 8401, in turn, defines a law enforcement officer as an employee, the duties of whose position are primarily the investigation, apprehension or detention of individuals suspected or convicted of offenses against the criminal laws of the United States and are sufficiently rigorous that employment opportunities should be limited to young and physically vigorous individuals. 5 U.S.C. § 8401(17)(A).

It cannot be disputed that Scharff is a law enforcement officer within the meaning of 28 U.S.C. § 1442 and 5 U.S.C. § 8401(17)(A). He admits that he is a

U.S. Border Patrol agent, Notice of Removal ¶ 3, and he claims that he was en route to apprehend an individual suspected of federal felony conduct at the time he was stopped for speeding, Notice of Removal ¶ 7(d), (e) and (i).  Moreover, U.S. Customs and Border Protection holds itself out as "one of the world's largest law enforcement organizations."  See https://www.cbp.gov/about.

### III. DEFENDANT WAS NOT ACTING UNDER THE COLOR OF HIS OFFICE AS A LAW ENFORCEMENT OFFICER WITHIN THE MEANING OF 28 U.S.C. § 1442(C) AT THE TIME HE WAS STOPPED FOR SPEEDING

Scharff was not acting under the color of his office as a law enforcement officer within the meaning of 28 U.S.C. § 1442(c) at the time of his traffic stop for speeding.  He was not protecting an individual in his presence from a crime of violence. 28 U.S.C. § 1442(c)(1).  He was not providing immediate assistance to an individual who suffered or was threatened with bodily harm. 28 U.S.C. § 1442(c)(2).  And he was not preventing the escape of an individual who he reasonably believed to have committed, or was about to commit, in his presence, a crime of violence that resulted in or was likely to result in death or serious bodily injury. 28 U.S.C. § 1442(c)(3).[1]

Scharff claims only that he was driving his supervisor and two other agents to the Campo Border Patrol Station so that his colleagues could retrieve their own vehicles and intercept a vehicle "suspected of federal felony conduct." Notice of Removal ¶ 7(d), (e).  He makes no mention of any violent crime that resulted in death or serious bodily injury, much less one that occurred in his presence and whose perpetrator he sought to prevent from escaping.

---

[1] The removal statute defines "crime of violence" as defined in 18 U.S.C. § 16, which defines the term as "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense," but has been held unconstitutionally vague. *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018).  The removal statute defines "serious bodily injury" as defined in 18 U.S.C. § 1365, which defines the term as a bodily injury that involves a substantial risk of death, extreme physical pain, protracted and obvious disfigurement, or protracted loss or impairment of the function of a bodily member, organ or mental faculty.  18 U.S.C. § 1365(h)(3).

Accordingly, the removal of Scharff's criminal prosecution was improper under 28 U.S.C. § 1442(c) because he was not acting under the color of his office as a law enforcement officer within the meaning of the statute.

## CONCLUSION

While federal law permits removal of actions against federal officers who are acting under the color of their office, such removal is limited in cases of criminal prosecutions against law enforcement officers. Where federal law enforcement officers face state criminal charges for actions they took while responding to emergencies involving serious violent crime, they may remove the actions to federal court and assert immunity. But federal law enforcement officers may not remove criminal proceedings in the absence of such circumstances. While Scharff is, indeed, a federal officer, he is also a law enforcement officer, and he cannot meet the burden of showing that removal was permitted under 42 U.S.C. § 1442.

Accordingly, California respectfully requests that this Court grant its motion to remand this action to the Superior Court.

Dated: December 21, 2018

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
CELINE M. COOPER
Supervising Deputy Attorney General

*/s/ Jodi Cleesattle*

JODI L. CLEESATTLE
Deputy Attorney General
*Attorneys for the People of the State of California*

SD2018702579
71694484.docx

EXHIBIT A

**STATE OF CALIFORNIA**
**DEPARTMENT OF CALIFORNIA HIGHWAY PATROL**
**NOTICE TO APPEAR**
CHP 215 (REV. 06/15)

☐ MISDEMEANOR
☑ Traffic ☐ Nontraffic

**HV 00792**

| Date of Violation | Time | ☐ AM ☑ PM | Day of the Week S M T W T F S | ☐ CHP 215s ☐ Accident |
|---|---|---|---|---|

9/10/15 / 015 / W / ☐ Owner's Responsibility (§40001 VC)

Name (First, Middle, Last): FRANCISCO L. UPRTE

Address: PENA VISTA

City: IRVINE  State: CA  ZIP Code: 92001

Driver Lic. No.: D5550797  State/Country: CA  Commercial: ☐Yes ☑No  Age: 27  Birth Date: 2/5/88

Sex: M  Hair: BRN  Eyes: BRN  Height: 5'10"  Weight: 220  Race/Ethnicity: H

Veh. Lic. No. or VIN No.: 6VHK405  State: CA  Reg. Exp.: 01/19
☐ COMMERCIAL VEHICLE (§15210(b) VC)

Yr. of Veh.: 12  Make: CHEV  Model: IMPALA  Body Style: 4D  Color: WHT  Veh. Type: PC
☐ HAZARDOUS MATERIAL (§353 VC)

Evidence of Financial Responsibility or CHP / DOT / PUC / ICC: GEICO

Registered Owner or Lessee: ☐ Same as Driver
Address: ☐ Same as Driver
City: State: ZIP Code:

Correctable Violation (§40610 VC): Yes ☐ No ☑
☐ Booking Required (See Reverse)
Misdemeanor or Infraction (Circle)

| Code and Section | Description | M/I |
|---|---|---|
| CVC 22356(b) | MAX 70 MPH | M ☐ I |
| CVC 12951(a) | NO DL IN POSSESSION | M ☐ I |
| | | M I |
| | Proof | M I |

Speed Approx.: 85  P.F./Max Spd.: 70  Veh. Lmt.:  Safe:  Special:

Location of Violation(s) at: SB 15 S/O CUCAMONGA

Beat: 80  Area: 080  Perm. Area:
☐ Radar / Lidar Unit / Patrol Vehicle No.: 180400  ☑ MVARS

☐ Violations not committed in my presence, declared on information and belief.
I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct.
Executed at (place): SAN DIEGO, California

Dec. Date: 9/10/15  Arresting or Citing Officer: MONTGOMERY  I.D. No.: 10102  Vacation Dates: to
Perm. Area: to
Dec. Date: Name of Arresting Officer, if different from Citing Officer: I.D. No.: Vacation Dates:

**WITHOUT ADMITTING GUILT, I PROMISE TO APPEAR AT THE TIME AND PLACE INDICATED BELOW.**
X SIGNATURE: [signature]

WHEN: DATE: 12/11/18  TIME: 8:00  ☑ AM ☐ PM
WHAT TO DO: **FOLLOW THE INSTRUCTIONS ON THE REVERSE**
WHERE: ☑ SUPERIOR COURT ☐ JUVENILE
ADDRESS: 500 MAIN ST, VISTA 92020
PHONE NO.: 619-450-4100

☐ To be notified
☐ You may arrange with the clerk to appear at a night session of the court.

Judicial Council of California Form TR-130
Rev. 06-26-15 (§§ 40500(b), 40513(b), 40522, 40600 VC; § 853.9 PC.)
**SEE REVERSE**

HV 00792

(LIGHT) / MODERATE / HEAVY     WET / (DRY)     (CLEAR) / CLOUDY

CHP VEH - PKD - ROLLING - (STOPPED) ON _____ S _____

DIR - N  E  (S) (W)  LANE - 1  2  3  4  5  OTHER _____

CHP VEH NO _____ 2 _____  YR/MAKE _____

DATE CALIB. _____  ACT VEH [ | | F | | | ]

BY _____

RADAR ID _____  LAST IACP _____  (STA)  SAME  (OPP)

STOPPED BY  (RED LIGHT)  SIREN  HORN  HAND

DEF VEH - PKD - (ROLLING) - STOPPED ON _____ S _____

DIR - N  (E)  S  W  LANE - (1)  2  3  4  5  OTHER _____

STOPPED AT _____ KCK 5M _____

DRIVER -  OUT OF CAR   IN CAR

PASSENGERS: SOLO __M__  R.F. __M__  M.F. _____  R.R. __M__

M.R. _____  L.R. __M__  OTHER _____

CARS PASSED/PASSING _____

DISTANCE OBSERVED __2000__

DISTANCE CHP VEH BEHIND _____

UNUSUAL CLOTHING? _____  ACTIONS _____  REMARKS _____

NOTES:

S/W @ 90 MPH PASSING R/S DR
— I MADE SURE TO PULL OUT SO HE COULD
SEE ME. DRIVER ALSO LOOKED AT ME.
S/ USBP AGENT S/W "I'M ON DUTY"
SHOULD USBP CREDENTIALS. "I DON'T HAVE
TO HAVE ANY LIC"
NO CLAIM OF EMERG RESPONSE, NO CODE 3
27V = VALID
GAVE STOPS I GN AFTER LEAVING — NO ACTION TAKEN
— MVARS —

# CERTIFICATE OF SERVICE

Case Name: **People v. Francisco Scharff**   No. **3:18-CV-2700 LAB LL**

I hereby certify that on <u>December 21, 2018</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

## NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>December 21, 2018</u>, at San Diego, California.

V. Brizuela
Declarant

_/s/_ Signature

SD2018702579
71698069.docx