# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>FRANCISCO E. SCHARFF,<br><br>　　　　　　　　Defendant. | Case No.: 18cv2700-LAB (LL)<br><br>**ORDER DENYING MOTION FOR REMAND** |

Defendant Francisco Scharff removed this pending criminal action from California state court, citing 28 U.S.C. § 1442(a)(1). This section provides for removal of either civil actions or criminal prosecutions against federal officers under certain circumstances. Among other things, actions may be removed if they relate to any act done under color of such office, or on account of any authority under any federal statute for the apprehension of criminals.

Scharff is a U.S. Border Patrol agent who, while on undercover duty in an unmarked vehicle, was pursuing occupants of a vehicle suspected of federal felonies. A California Highway Patrol officer cited him, and this case concerns Scharff's prosecution for speeding and not possessing his California driver's license at the time. Scharff has raised the defense of official immunity, citing *In re*

*Neagle*, 135 U.S. 1 (1890); *Whitehead v. Senkowski*, 943 F.2d 230, 233–34 (2d Cir. 1991); and *Clifton v. Cox*, 549 F.2d 722, 730 (9th Cir. 1977). The notice of removal points out that the case is removable because Scharff is asserting a colorable federal defense. *See Willingham v. Morgan*, 395 U.S. 402, 406 (1969); *Arizona v. Manypenny*, 451 U.S. 232, 242 (1981).

An old and well-established body of law governs federal officer removals under § 1442. The defense need not be shown to be meritorious or even likely to succeed in order for removal to be proper. *Willingham*, 395 U.S. at 407; *Mesa v. California*, 489 U.S. 121, 129 (1981) (citing *The Mayor v. Cooper*, 6 Wall. 247, 254 (1868)). The purpose of removal is to allow the defense to be adjudicated in a federal forum. *Willingham*, 395 U.S. at 407; *Manypenny*, 451 U.S. at 242. It is well-settled law that the right is "absolute for conduct performed under color of federal office . . . ." *Id.* Not all defenses or elements of the case need to be federal in nature; one colorable federal defense is enough to warrant removal. *Mesa*, 489 U.S. at 129 (citing *Cooper*, 6 Wall. at 252.)

The right to removal under 28 U.S.C. § 1441, the general removal statute, is construed narrowly. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Removal jurisdiction under § 1442, by contrast, is <u>broadly</u> construed in favor of removal. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252–53 (9th Cir. 2006) (explaining that, unlike § 1441, well-established law makes plain that § 1442 must be interpreted both broadly and generously in favor of removal). This is a "clear command from both Congress and the Supreme Court . . . ." *Id.*

Plaintiff has now filed a noticed Motion for remand, claiming that Scharff was not acting under color of his office. (Docket no. 4.) Therefore, it contends, removal was improper. Whether he was or was not acting under color of his office, however, is not the proper subject of a motion for remand, as the discussion above makes clear. Regardless of the ultimate success of Scharff's defense, this Court has jurisdiction over the removed case.

The Motion misreads the removal statute. It claims that "Scharff has the burden of establishing that California's action 'is founded on a claim or right arising under [federal law].'" (Motion at 3:15-16 (citing § 1441(b)).) This is the wrong removal statute, and inapplicable here. Furthermore, California's contention that the removal statute should be construed narrowly is also clearly erroneous.

The Motion also argues, without citing any authority other than the statute itself, that removal under § 1442(a)(1) is permitted "only in limited circumstances." It reads § 1442(c) as limiting removal to certain specific and unusual circumstances requiring immediate intervention. Under this subsection, a federal law enforcement officer who is the defendant in a criminal prosecution, is deemed to have been acting under the color of his office if the officer was acting in response to any of three types of emergencies. Under this subsection, the officer should be treated as having been acting under color of his office in these circumstances, regardless of whether they fit within one of the categories set forth in § 1442(a). The Motion, however, changes the meaning of § 1442(c) by inserting the word "only" into it, where the statute has no such limitation. (*Compare* Motion at 4:9–10 ("the officer is deemed to be acting under the color of his office only where he . . .") *with* § 1442(c) ("a law enforcement officer . . . shall be deemed to have been acting under the color of his office if the officer . . .").)

The cases cited in both the notice of removal and in this Order make clear that federal officers are acting under color of their offices in a wide variety of circumstances. *Manypenny*, for example, dealt with a state prosecution of a U.S. Border Patrol agent for assault with a deadly weapon, for shooting at a suspected illegal alien who fled when ordered to stop for questioning. These circumstances differ markedly from the three described in § 1442(c). If the statute meant what the Motion argues it does, that case would not have been removable. Nevertheless, the case was removable under § 1442(a)(1) "[b]ecause the charge arose from an act committed while on duty for the INS . . . ." 451 U.S. at 235. *See also Durham*,

445 F.3d at 1253 (giving examples of historical situations when federal agents who are sued or prosecuted have needed access to a federal forum).

Because a remand motion is not a proper vehicle for challenging Scharff's defense on the merits, and because its arguments are foreclosed by binding precedent, the Motion is **DENIED**.

**IT IS SO ORDERED**.

Dated: January 7, 2019

*Larry A. Burns*
Hon. Larry Alan Burns
United States District Judge