1 | XAVIER BECERRA
Attorney General of California
2 | MELISSA MANDEL
Supervising Deputy Attorney General
3 | CRAIG H. RUSSELL
Deputy Attorney General
4 | State Bar No. 199274
  600 West Broadway, Suite 1800
5 |  San Diego, CA 92101
  P.O. Box 85266
6 |  San Diego, CA 92186-5266
  Telephone: (619) 738-9630
7 |  Fax: (619) 645-2044
  E-mail:  Craig.Russell@doj.ca.gov
8 | *Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **PEOPLE OF THE STATE OF CALIFORNIA,**<br><br>Plaintiff,<br><br>v.<br><br>**FRANCISCO SCHARFF,**<br><br>Defendant. | 3:18-CV-2700 LAB LL<br><br>**PEOPLE'S HEARING BRIEF**<br><br>Date:  February 8, 2019<br>Time: 11:00 a.m.<br>Courtroom: 14A<br><br>Judge:  The Honorable Larry A. Burns |

The People of the State of California, by and through his attorney of record, hereby submits this Hearing Brief as required by the Court's Order dated January 18, 2019.

**I.    STATEMENT OF THE CASE**

On September 10, 2018, defendant Francisco E. Scharff was cited for driving in excess of 70 miles per hour in violation of California Vehicle Code, Section 22356(b) and for not having a driver's license in his possession in violation

1

of California Vehicle Code, Section 12951(a). Defendant removed his case from state court alleging official immunity as a defense.

## II. STATEMENT OF FACTS

On September 10, 2018, at approximately 6:15 p.m., California Highway Patrol Officer Ben Montgomery was on duty monitoring traffic on Interstate Highway 8 (I-8) near the off ramp for Kitchen Creek Road between Alpine and El Centro. The officer observed a Gold Chevy Tahoe heading east on I-8 at a high rate of speed. The officer's radar showed the vehicle was traveling at approximately 95 miles per hour. Although the Tahoe was equipped with emergency lights and sirens, they were not used to alert the officer that the vehicle was involved in a law enforcement operation. The maximum speed limit on a California highway is 70 miles per hour. Cal. Veh. Code § 22356 (b); *People v. Lowe*, 105 Cal.App.4th Supp. 1, 4-5 (2002).

The officer pulled onto I-8 East and accelerated to approximately 120 miles per hour to catch up with the Tahoe. The officer made a traffic stop and identified defendant as the driver of the vehicle. Defendant, a U.S. Border Patrol Agent, was wearing plain clothes. Defendant did not tell the officer that he was currently involved in a law enforcement operation but simply stated he was "on duty". Defendant provided his Border Patrol credentials but was not in possession of his driver's license. Defendant was issued a traffic citation for violation of California Vehicle Code section 22356(b) (operating a motor vehicle upon that highway at a speed greater than 70 miles per hour) and California Vehicle Code section 12951(a), (not possessing his valid California Driver's License on his person at the time he was driving). The driver's license infraction was marked as a correctable violation on the citation.

## III. PEOPLE'S LEGAL POSITION

This case appears to revolve solely around whether defendant is entitled to official immunity. The Supreme Court has recognized the Supremacy Clause as a

source of protection for federal agents facing state criminal charges for actions taken in the course of their duties. *In re Neagle*, 135 U.S. 1 (1980). The Supreme Court has also held that a federal agent may lose his immunity if he carries out his duties in an unreasonable manner. *United States ex rel. Drury v. Lewis*, 200 U.S. 1 (1906). Cases since *Drury* have refined the standard applicable to the immunity inquiry. To be immune from state prosecution, "a federal officer [must do] no more than is necessary and proper in the performance of his duty." *Clifton v. Cox*, 549 F.2d 722, 730 (9th Cir. 1977). For an agent's actions to be adjudged necessary and proper, he must show that he had an honest and reasonable belief that what he did was necessary in the performance of his duty. *Id*. at 729.; see also *Kentucky v. Long*, 837 F.2d 727, 745 (6th Cir.1988) ("the agent must have an honest belief that his action was justified" and "his belief must be reasonable").

https://caselaw.findlaw.com/us-9th-circuit/1430138.html - footnote_11

With respect to traffic tickets, simply being on duty as a federal employee does not give rise to an official immunity defense. *People v. Mesa*, 813 F.2d 960, 965-066 (9th Cir. 1987.) For example, one court found that a federal agent returning from an investigation with no necessity for speed was subject to state traffic laws. See *Florida v. Huston*, 283 F. 687 (S.D.Fla. 1922). By contrast, another court found that traffic ordinances fixing speed limits do not apply to federal agents when speed is necessary to perform their duties. See *Lilly v. West Virginia,* 29 F.2d 61 (4th Cir. 1928).

In a Fourth Circuit case, a marine was driving in a convoy when he ran a red light and crashed into a civilian's vehicle. *North Carolina v. Cisneros,* 947 F.2d 1135, 1137 (4th Cir.1991). The marine claimed that since he was driving as an on-duty marine he was protected by the Supremacy Clause immunity. *Id.* at 1138. The Fourth Circuit held that the simple fact that he was on-duty and he believed he could navigate the intersection safely was not enough. *Id.* at 1139. The court held that to establish a federal immunity defense for an on-duty vehicular traffic

accident, "the federal officer must show that the accident resulted from an exigency or emergency related to his federal duties which dictated or constrained the way in which he was required to, or could, carry out those duties." *Id.* at 1139. The court gave examples of facts that would support a finding of exigency or emergency, including exceeding the speed limit in order to capture a fleeing felon, or to execute a raid. *Id.* at 1139.

Here, when defendant was pulled over by the CHP officer, he simply stated that he was "on duty" and did not provide any other justification for speeding. In his Notice of Removal, the defendant provided additional factual justifications. However, the defendant does not assert that his speeding was necessary to pursue a suspect. Rather, defendant claims he was driving to the Campo Border Patrol station to drop off fellow agents who were going to interdict a suspect who was traveling from Imperial County.

The information provided to the CHP Officer during the stop did not allow him or the People to conclude that defendant was entitled to official immunity. However, if this court received additional evidence establishing that driving 95 miles per hour without emergency lights and sirens was an exigency reasonably related to defendant's federal law enforcement duties, the People would concede that the defendant is entitled to such a defense. The license violation is a correctable violation and the People anticipate moving to dismiss that citation

Dated: January 31, 2019

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
MELISSA MANDEL
Supervising Deputy Attorney General


/s/ Craig Russell
CRAIG H. RUSSELL
Deputy Attorney General
*Attorneys for Plaintiff People of The State of California*

CHR:ebw

# CERTIFICATE OF SERVICE

Case Name:   **People v. Francisco Scharff**          No.   **3:18-CV-2700 LAB LL**

I hereby certify that on February 1, 2019, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**PEOPLE'S HEARING BRIEF**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on February 1, 2019, at San Diego, California.

|  E. Blanco-Wilkins  |  /s/ E. Blanco-Wilkins  |
|:---:|:---:|
| Declarant | Signature |

SD2018702579
82111056.docx